JAMES M. SHORE, Bar No. 941425
jim.shore@stoel.com
ADAM S. BELZBERG, Bar No. 025350
adam.belzberg@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Defendant Metro West Ambulance Service, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JONATHAN CAVERLY, Individually and for Others Similarly Situated,

Plaintiff,

v.

METRO WEST AMBULANCE SERVICE, INC.,

Defendant.

Case No.: 3:26-cv-00691-JR

**DEFENDANT METRO WEST AMBULANCE SERVICE, INC.'S MOTION FOR SUMMARY JUDGMENT**

## **CERTIFICATE OF COMPLIANCE**

In accordance with LR 7-1(a)(1)–(2), counsel for Defendant Metro West Ambulance Service, Inc. ("Metro West"), certify that they attempted to confer with the opposing party but were unable to reach an agreement as of the filing of this motion.

## **MOTION**

Pursuant to Federal Rule of Civil Procedure 56, Metro West moves the Court for an order granting summary judgment dismissing all of Plaintiff's claims. There is no genuine issue as

to any material fact, and Metro West is entitled to judgment as a matter of law.

This motion is supported by the Memorandum below, the Declaration of James D. Fuiten ("Fuiten Decl."), the Declaration of Darrell Stanley ("Stanley Decl."), and the declaration of Adam S. Belzberg ("Belzberg Decl."), filed herewith, the exhibits attached to the declarations, and the Court's files and records in this matter.

## **MEMORANDUM**

## I. INTRODUCTION

Plaintiff Jonathan Caverly's Class and Collective Action Complaint ("Complaint") (ECF No. 1) alleges Metro West, an Oregon corporation based in Hillsboro, Oregon, committed violations of Washington state and federal wage-and-hour laws from which he and putative class members suffered damages. However, Caverly never worked for Metro West. Caverly was employed by Olympic Ambulance Service, Inc. ("Olympic"), a Washington State corporation based in Sequim, Washington. As a matter of law, Metro West could not have violated Caverly's rights under any wage-and-hour law. The Court must grant summary judgment in favor of Metro West and dismiss all Caverly's claims in this matter with prejudice.

## II. STATEMENT OF MATERIAL FACTS

Metro West is an ambulance company providing patient carriage services primarily in northwestern Oregon. Fuiten Decl., ¶ 4. It is incorporated in Oregon with its headquarters in Hillsboro, Oregon. *Id.* Olympic is a Washington State corporation headquartered in Sequim, Washington, providing services primarily on the Olympic Peninsula and southern Puget Sound region of Washington. Stanley Decl., ¶ 4. Metro West and Olympic are two different corporations. Metro West dispatches all of its ambulances from within Oregon. Fuiten Decl., ¶ 15. Metro West does not maintain any business location or ambulance dispatch location in Washington. *Id.* Metro West does not base employees in Washington and does not share or loan employees to Olympic Ambulance. *Id.*, ¶¶ 14–15. Metro West employees are paid in Oregon and pay Oregon taxes. *Id.*, ¶ 13.

Likewise, Olympic does not maintain any business location or ambulance dispatch location in Oregon. Stanley Decl., ¶ 13. Olympic does not base employees in Oregon and does not share or loan employees to Metro West. *Id.*, ¶¶ 12–13. Olympic employees are paid in Washington and pay Washington taxes. *Id.*, ¶ 11.

According to Plaintiff Caverly, he worked "as an EMT in and around Pierce County, Washington from approximately June 2023 until June 2025." Complaint, ¶ 40. Multiple documents in Caverly's employment records, maintained by Olympic, show he lives in Tacoma, Washington. *See generally* Stanley Decl., Ex A. Metro West did not hire Plaintiff Caverly, nor did it employ Caverly during any period relevant to this lawsuit (or ever). *Id.*; Fuiten Decl, ¶ 6. Caverly was hired, and worked for, Olympic from June 26, 2023, through June 18, 2025. Stanley Decl., ¶ 6. Throughout that period, Metro West did not supervise Caverly's work, schedule his shifts, determine his compensation, discipline him, pay wages to him, or perform any other employment functions for him. *Id.*, ¶¶ 5–11; Fuiten Decl., ¶¶ 5–13. Instead, Olympic performed all of those functions. Stanley Decl., ¶¶ 5–11. Further, Olympic created and maintains Caverly's employment records, not Metro West. *Id.*, ¶¶ 5–6.

In short, Caverly was never a Metro West employee. And indeed, he is already a putative class member in an existing wage-and-hour class action lawsuit entitled *Anthony Colon v. Bremerton Ambulance, Inc., Olympic Ambulance Service, Inc., Metro West Ambulance Service, Inc.*, filed in Kitsap Superior Court in Washington State. Belzberg Decl., Ex. 3. The parties in that case stipulated to dismissal of the claims against Metro West upon agreement that Olympic and Bremerton Ambulance employees only work in Washington State, and Metro West does not "employ" any individuals in Washington State. *Id.*, Exs. 1–2. All of Caverly's claims in the instant case, except for his Fair Labor Standards Act ("FLSA") claim, are fully subsumed by those brought by Plaintiff Colon in Washington. *Id.*, Ex. 3.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988). Instead, "[i]f the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (internal quotation marks and citation omitted). Although the Court views Plaintiff's evidence in his favor, *Anderson*, 477 U.S. at 255, conclusory, speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## IV. LEGAL AUTHORITY AND ARGUMENT

### A. Plaintiff's Washington Wage-and-Hour Claims Fail Because Metro West was Not His Employer

Plaintiff Caverly asserts claims under Washington law, including Rev. Code Wash. ("RCW") 49.46, RCW 49.52, RCW 49.12, and Washington Administrative Code ("WAC") WAC 296-126-092, based upon alleged meal-period and rest-break violations. Complaint at 1–2. These Washington wage-and-hour theories require Caverly to establish that Metro West was his employer.

The Washington Minimum Wage Act defines an "employee" as an individual employed by an employer, defines "employ" to include permitting a person to work, and defines "employer" as an entity acting directly or indirectly in the interest of an employer in relation to an employee. *Anfinson v. FedEx Ground Package Sys., Inc.*, 174 Wash. 2d 851, 867, 281 P.3d

289 (2012). Washington courts establish whether an entity was an "employer" by evaluating the factors of the "economic-reality test," including control, supervision, pay, hiring and firing authority, modification of employment conditions, payroll preparation, and payment of wages. *Becerra Becerra v. Expert Janitorial, LLC*, 181 Wash. 2d 186, 196, 332 P.3d 415 (2014), *Dep't of Labor & Indus. v. Tradesmen Int'l, LLC*, 198 Wash. 2d 524, 537, 497 P.3d 353 (2021).[1]

Here, Caverly cannot dispute the stark evidence that his Washington employment was with Olympic Ambulance, not Metro West:

1. Caverly was hired by Olympic Ambulance, not Metro West. Stanley Decl., ¶ 6; Fuiten Decl., 6.
2. Caverly performed his work for Olympic Ambulance in Washington. Stanley Decl., ¶ 6–11; Complaint, ¶ 40.
3. Caverly was paid by Olympic Ambulance and was subject to Washington withholding laws. Stanley Decl., ¶ 11.
4. Olympic Ambulance maintained Caverly's employment records, not Metro West. *Id.*, ¶ 5–6; Fuiten Decl., ¶ 5–6.
5. Metro West did not supervise Caverly's day-to-day work. Fuiten Decl., ¶ 9.
6. Metro West did not schedule Caverly's shifts. *Id.*, ¶ 10.
7. Metro West did not discipline Caverly. *Id.*, ¶ 11.
8. Metro West did not determine Caverly's compensation. *Id.*, ¶ 12

Caverly did not work for Metro West in Washington (or in Oregon); Metro West simply did not employ him in any capacity. Stanley Decl., ¶ 6; Fuiten Decl., ¶ 6.

Because Metro West was not Caverly's employer, Metro West cannot be liable for alleged meal-period violations, rest-break violations, wage violations, or willful withholding claims under Washington law. Under RCW 49.46, liability runs against an "employer" that pays

[1] Caverly does not plead that Metro West was his employer under a "joint employer" theory, nor could he. Regardless, the economic reality test also governs in that instance, *Becerra*, 181 Wash. 2d at 196, with each factor demonstrating Metro West had no relationship with Caverly whatsoever.

an "employee" less than the amounts due under that chapter. RCW 49.46.090. As a matter of law, Caverly lacks evidence sufficient to impose liability on Metro West under any of the Washington statutes or regulations identified in the Complaint, because Caverly cannot show that Metro West was his employer. Accordingly, the Court should enter summary judgment in Metro West's favor on all Washington law claims in this matter.

### B. Plaintiff's Fair Labor Standards Act ("FLSA") Overtime Claim Fails Because Metro West was Not His Employer

Like Caverly's state-law claims, liability under the FLSA depends on the existence of an employment relationship between Caverly and Metro West. A defendant must be an "employer" of the plaintiff to be liable under the FLSA. *Lesnik v. Se*, 374 F. Supp. 3d 923, 942 (9th Cir. 2019). The FLSA defines "employer" to include a person acting directly or indirectly in the interest of an employer in relation to an employee, and defines "employee" as an individual employed by an employer. 29 U.S.C. § 203. Accordingly, before Metro West can be held liable for any alleged overtime violation, Caverly must establish that Metro West employed him within the meaning of the statute.

In the Ninth Circuit, courts determine whether an employer-employee relationship exists under the FLSA by applying the economic-reality test to the circumstances of the "total employment situation." *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1471 (1983) *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 539, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985). The relevant factors include whether the alleged employer had the power to hire and fire the employee, supervised and controlled work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. *Id.*; *Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993); *Perez v. Jie*, No. CR13-877RSL, 2014 U.S. Dist. LEXIS 175084, 2014 WL 12102178, at *2 (W.D. Wash. Dec. 18, 2014); *Maravilla v. Rosas Bros. Constr.*, 401 F. Supp. 3d 886, 902

(N.D. Cal. 2019).[2] Employer status under the FLSA is a question of law appropriate for resolution on summary judgment. *Id.*

Again, Caverly cannot dispute that he worked for Olympic and not Metro West. Caverly was hired by Olympic, performed his work for Olympic in Washington, was paid by Olympic, and had his employment records maintained by Olympic. Stanley Decl., ¶¶ 5–11. Metro West did not supervise or otherwise have input on Caverly's day-to-day work, did not schedule his shifts, did not discipline him, and did not determine his compensation. Fuiten Decl., ¶¶ 5–13. Instead, Olympic did all those things. Stanley Decl., ¶¶ 5–11.

Those facts defeat FLSA liability; Caverly cannot show he meets any of the core economic-reality factors courts consider in determining whether an entity is an employer under the FLSA. *Bonnette*, 704 F.2d at 1471. Because the economic reality of the relationship shows that Caverly's employment was with Olympic Ambulance, not Metro West, Caverly cannot establish an employer-employee relationship with Metro West. *Id.* Absent proof that Metro West was Caverly's employer, Metro West cannot be liable for any alleged FLSA violation. Accordingly, the Court should enter summary judgment in Metro West's favor on Caverly's FLSA claim.

**C. Plaintiff Lacks Article III Standing to Assert Claims Against Metro West**

For the reasons stated above, Caverly also lacks Article III standing to bring his claims in this Court. Federal courts may adjudicate only actual cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136 (1992). To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) fairly traceable to the defendant's challenged conduct; and (3) likely to be redressed by a favorable judicial decision. *Id.* at 560. Because standing is an indispensable element of federal jurisdiction, Caverly bears the burden of establishing standing. *Id.*; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016).

[2] The same factors guide the joint-employer inquiry (which Plaintiff has not pleaded in this case). *Nissenbaum v. NNH Cal Neva Servs. Co., LLC*, 983 F. Supp. 2d 1234, 1239 (9th Cir. 2013).

First, Caverly cannot satisfy the traceability requirement with respect to Metro West Ambulance. A plaintiff must demonstrate that their injury is "fairly traceable" to the defendant's challenged conduct, rather than the result of independent actions by third parties not before the court. *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012). Metro West is a different corporate entity from Olympic Ambulance that had nothing to do with Caverly's employment. It is headquartered in Hillsboro, Oregon, dispatches ambulances only from Oregon, maintains no business locations or dispatch locations in Washington, does not base employees in Washington, and does not loan employees to Olympic Ambulance. Fuiten Decl., ¶¶ 4, 13–15. It does not supervise Olympic employees or otherwise control Olympic employees' terms and conditions of employment or day-to-day operations. *Id.*, ¶¶ 7–13.

Caverly worked for Olympic Ambulance from June 26, 2023, through June 18, 2025, and there is no record that he ever worked for Metro West. *Id.*, ¶ 6; Stanley Decl., ¶ 6. Accordingly, any alleged injury arising from Caverly's compensation, overtime, meal periods, rest periods, scheduling practices, or other terms and conditions of employment could only have arisen, if at all, from his employment with Olympic Ambulance. Caverly cannot demonstrate that any alleged wage-and-hour injury is fairly traceable to Metro West because Metro West was not his employer and exercised no control over his employment.

Second, Caverly cannot establish redressability as to Metro West. "The question in deciding whether a plaintiff's injury is redressable is not whether a *favorable decision* is likely but whether a favorable decision *likely will redress* a plaintiff's injury." *Tucson v. City of Seattle*, 91 F.4th 1318, 1325 (9th Cir. 2024) (quoting *Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir. 2004)) (internal citation marks removed). "In other words, redressability asks whether 'the district court had the power to prevent the injury at the time the complaint was filed.'" *Id.* (quoting *Am. C.L. Union of Nevada v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006)). Because Metro West did not employ Caverly and was not responsible for the employment practices challenged in this action, a judgment against Metro West would not remedy the injuries alleged by Caverly.

For these reasons, Caverly lacks Article III standing to pursue his claims against Metro West. Accordingly, the Court should dismiss all claims against Metro West for lack of subject-matter jurisdiction.

## V. CONCLUSION

Plaintiff Caverly was never an employee of Metro West. Caverly resided in Tacoma and worked in Washington State for Olympic. Caverly therefore cannot make out a claim for relief under any Washington wage-and-hour law for conduct allegedly performed by Metro West. Similarly, Caverly lacks Article III standing because he has sued an entity that was never his employer. The conduct alleged in his Complaint therefore cannot be traced to Metro West, nor would an order against Metro West provide any of the relief Caverly seeks. The Court must therefore dismiss all Caverly's claims with prejudice.

DATED: August 5, 2026

STOEL RIVES LLP

*s/ Adam S. Belzberg*
JAMES M. SHORE, Bar No. 941425
jim.shore@stoel.com
ADAM S. BELZBERG, Bar No. 025350
adam.belzberg@stoel.com

*Attorneys for Defendant Metro West Ambulance Service, Inc.*